IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BULL, on behalf of himself and others similarly situated, </br>    Plaintiff, </br></br> v. </br></br> US COACHWAYS, INC., </br> a New Jersey corporation, </br></br>    Defendant. | )  Case No. 1:14-cv-05789 </br> ) </br> ) </br> ) </br> ) </br> )  **JURY DEMANDED** </br> ) </br> ) </br> ) </br> ) |

## CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT

### Preliminary Statement

"Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, Slip Opinion, Case No. 10-1195 (United States Supreme Court January 18, 2012) (internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of 47 U.S.C § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

Defendant has sent out thousands of unlawful text messages in violation of the TCPA. By effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently

have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

In order to redress these injuries, Plaintiff, on behalf of himself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones. Defendant has sent unwanted text messages in a manner that violates the right of privacy of the putative class members. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful text messages and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

All allegations contained herein are based upon information and belief of Plaintiff or the investigative efforts of the undersigned counsel:

### Parties

1. Plaintiff James Bull is a resident of the state of Ohio.

2. Defendant US Coachways, Inc. ("USCI") is a New Jersey corporation with three office locations in Illinois, including one at 180 N. Stetson St., Suite 3500, Chicago, IL 60601.

### Jurisdiction & Venue

3. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction in this manner because USCI does business throughout the United States, including operating multiple office locations within the State of Illinois. USCI therefore has established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of Illinois.

6. Venue is proper in the United States District Court for the District of Illinois as USCI is subject to personal jurisdiction in this district, and Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. *See* 28 U.S.C. § 1391. In addition, Defendant has sent text messages to individuals residing in this District that are the subject of this action.

## TCPA Background

7. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

8. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

9. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or

incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

10. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

11. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

## Factual Allegations

### US COACHWAYS, INC.'S REPEATED TEXTS TO THE PLAINTIFF

12. Beginning in at least the end of 2013 and continuing for months thereafter, Defendant USCI caused mass transmissions of wireless spam to the cell phones of what they apparently hoped were potential customers of Defendant's charter bus and limo services.

13. For example, on or about December 16, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

14. The "from" field of the transmission was identified cryptically as "302-41" which is an abbreviated telephone number described above as the SMS short code operated by Defendant and/or its telemarketing agents. The body of such text message read:

> Happy Holidays from US Coachways: For holiday party rentals of buses, limos & mini-buses call 800-359-5991. Text HELP for help, STOP to end.Msg&DataRatesMayAply

15. On January 28, 2014, Plaintiff's cell phone rang again, indicating a text call was being received.

4

16. The "from" field of the transmission was "302-41" and the body of such text message read:

> US Coachways: Call 800-359-5991 to learn about great winter deals! Be sure to book early. Msg&data rates may apply. Text HELP for help, STOP to unsubscribe.

17. On March 5, 2014, Plaintiff's cell phone rang for a third time indicating a message was being received from "302-41" and this time the body of the text message read:

> US Coachways: Learn about great winter deals as low as $399! Book now at uscoachways.com or call 800-359-5991. Text HELP for help, STOP to unsubscribe.

18. The Defendant's persistent text spamming of Plaintiff continued on April 15, 2014, when Plaintiff's cell phone rang indicating a text message was being received once again from "302-41" and the body of the text read:

> US Coachways Bus Rentals: Book before we're sold out! Availability is limited. Goto http://uscoachways.com or call 800-359-5991. Text HELP for help, STOP to end

19. Defendant and/or its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

20. At no time did Plaintiff consent to the receipt of the above-referenced messages or any other such wireless spam text messages from Defendant.

21. When sending text messages *en masse* "SMS Short Codes" are used. SMS short codes are essentially shortened phone numbers, and, like phone numbers, are used to identify the sender.

22. A number of the text messages received by the Plaintiff were sent from SMS Short Code, "302-41."

23. This fact, as well as the generic content of the text message designed to offer a location wide promotion, the impersonal advertising content of the text message received, and

5

the fact that the Defendant harvested telephone numbers from consumers to send the text messages, demonstrate that the Defendant used an automatic telephone dialing system to place the text message to the Plaintiff.

24. Because the text message campaign utilized by the Defendant was designed to contact potential customers *en masse*, the ATDS used by the Defendant had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

### Class Action Allegations

25. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

26. The Class of persons Plaintiff proposes to represent is tentatively defined, subject to modification after discovery and case development:

> All persons within the United States who received one or more unauthorized text message advertisements on behalf of USCI at any time in the four years prior to the filing of the Complaint continuing through the date any class is certified.

Collectively, all these persons will be referred to as "Class members."

27. Excluded from the Class are all Class members who have obtained a settlement or payment from USCI in satisfaction of claims arising from the receipt of unauthorized text messages.

28. Class members are identifiable through phone records and phone number databases.

29. Given the nature of the automated technology used to transmit the SMS text messages, the potential Class members number at least in the thousands. Individual joinder of these persons is impracticable.

30. Plaintiff is a member of the Class.

31. The Plaintiff and the Class have all been harmed by the actions of the Defendant.

32. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether the Defendant violated the TCPA by advertising via unsolicited text messages;
    b. Whether the Defendant can meet their burden of proof with respect to statutory defenses for the telemarketing calls;
    c. Whether the Defendant's conduct was knowing and/or willful;
    d. Whether the Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's actions;
    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. Plaintiff is an adequate representative of the Class because his interests do not conflict with Class member interests, he will fairly and adequately protect Class member interests, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

34. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and its agents.

35. The likelihood that individual Class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

36. The interest of the Class members in individually pursuing claims against the Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter the Defendant from engaging in the same behavior in the future.

37. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

38. The Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

39. Plaintiff is unaware of litigation concerning this controversy already commenced by others who meet the proposed class definition.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

40. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

41. The foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500 for each and every call in violation of the statute.

43. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendant in the future.

**SECOND COUNT**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.***

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

45. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

46. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute.

47. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

**Relief Sought**

For himself and all Class members, Plaintiff requests the following relief:

1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify Class members.

3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all Class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

9

5. That the Plaintiff and all Class members be granted other relief as is just and equitable under the circumstances.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

          PLAINTIFF,
          JAMES BULL
          By his attorneys,

**/s/ Brian K. Murphy**
Brian K. Murphy (6225697)
Murray Murphy Moul + Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com

Lauren E. Snyder (6293832)
1350 N. Wells Street, Apt. A214
Chicago, IL 60610
(419) 344-1146
lauren.elizabeth.snyder@gmail.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice Admission*

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice Admission*