**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAMES BULL, on behalf of himself and others similarly situated, | ) ) | |
| | ) | Case No. 1:14-cv-05789 |
| Plaintiff, | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| v. | ) | |
| | ) | Magistrate Judge Daniel G. Martin |
| US COACHWAYS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>FINAL APPROVAL ORDER</u>**

This matter having come before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiff James Bull and Defendant US Coachways, Inc. ("US Coachways"), pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

1.      For purposes of settlement only, the Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2.      The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order dated August 4, 2016, and notice was given to the Class as under the terms of the Preliminary Approval Order.

3.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant, and

supporting declarations. The Court has not received any objections from any person regarding the Settlement. The Court held a hearing on November 9, 2016, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on March 18, 2016, and that ninety (90) days has passed without comment or objection from any governmental entity

    4.    The Court finds that:

(a)    This agreement was made in reasonable anticipation of potential liability against Defendant which would arise from a finding that Defendant sent 391,459 unsolicited text advertisements in violation of 47 U.S.C. § 227;

(b)    The settlement amount is fair and reasonable because it is within the range of statutory damages that could be awarded for the claims made by the Class and potential damages that could be awarded if the Class prevailed on its claims;

(c)    Defendant's decision to agree to entry of judgment is reasonable based on the risk of an adverse judgment, the cost of the defense, and the uncertainties of litigation;

(d)    The evidence adduced during discovery supports a finding that 391,459 text were sent by US Coachways for which US Coachways had not received prior express permission to send;

(e)    Defendant did not believe that it was violating any laws or regulations by sending the texts;

(f)    Defendant tendered a claim for the Action to its insurer Illinois Union Insurance Company ("Illinois Union") for defense and indemnity and Illinois Union denied coverage to Defendant under the insurance policy; and

(g)     Defendant lacks financial resources to withstand the potential judgment in this case, or to fund a reasonable settlement from its own funds.

6.     Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations, and the settlement benefits being made available to Settlement Class Members.

**Certification of Settlement Class**

7.     Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the following "Settlement Class" is preliminarily certified:

> All persons within the United States who received one or more text message advertisements on behalf of US Coachways, Inc. at any time in the four years prior to the filing of the Complaint continuing through the date of the Settlement Agreement.

8.     All persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively "Settlement Class Members" or individually as a "Settlement Class Member."

9.     For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members; (e) questions of law and fact common to the Settlement Class

Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that: (1) Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (2) the Court is satisfied with Plaintiff's counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (3) it is desirable to concentrate the claims in this forum; and (4) it is unlikely that there will be difficulties encountered in administering this Settlement.

10.    Under Federal Rule of Civil Procedure 23, Plaintiff James Bull is hereby appointed Class Representative and the following are hereby appointed as Class Counsel, and find the following to be adequate representatives of the class:

Brian K. Murphy
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215

Matthew McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110

**Notice and Administration**

11.    The Court hereby approves of Kurtzman Carson Consultants to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan, providing Notice to the Settlement Class, and to provide

such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

12.     The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and any other applicable law.

13.     The Court finds that the Class Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

14.     All persons whose names were included on the list supplied by Plaintiff as having made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

15.     The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16.     The Court adjudges that the Plaintiff and the Class are enjoined from seeking to execute on, attach or otherwise acquire any property or assets of Defendant and/or its officers, directors, employees, members, shareholders, agents, executors, successors and assigns of any kind other than from the Insurance Policy and claims against Illinois Union to satisfy or recover on the Judgment and agree to seek recovery to satisfy the Judgment only against Illinois Union.

17.     The Court enters judgment against Defendant US Coachways, Inc. in the total

amount of $49,932,375 on the First Amended Complaint in favor of the Class, from which the partial payment of $50,000 by US Coachways, Inc. shall be deducted, *provided however,* that the Judgment may not be satisfied or executed on any assets or property of Defendant, officers, directors, employees, members, shareholders, agents, executors, successors and assigns, other than Illinois Union. The Judgment may not be satisfied by attaching, executing on, or otherwise acquiring any other asset or property of Defendant and/or its officers, directors, employees, members, shareholders, agents, executors, successors and assigns (apart from US Coachways' interest in the Illinois Union Insurance Policy and any bad faith rights against Illinois Union, which US Coachways has assigned to Plaintiff and the Class). This provision does not release the Judgment against Defendant to be entered herein, nor does it release the asserted claims that are the basis for the entry of the Judgment or the right to enforce the Judgment (which claims are merged into this Judgment) in favor of the Plaintiff and the Class against Illinois Union.

18. In the event of recovery by Plaintiff and the Class from Illinois Union, further distributions from the Settlement Fund to Class members, an incentive award, and will be made on additional approval by the Court, in accordance with the distribution formula approved by the Court, or as modified by further Court order.

19. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of

implementing and enforcing the Settlement Agreement, including authorizing distributions from the Settlement Fund of any proceeds recovered from Illinois Union.

20.     The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment. The Court retains jurisdiction over this Action to administer any funds recovered from US Coachways' insurers.

DATED November 9, 2016         _____

**Rebecca R. Pallmeyer**
**United States District Judge**