**EXHIBIT**

**1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JAMES BULL, on behalf of himself and others similarly situated,

        Plaintiff,

v.

US COACHWAYS, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:14-cv-05789

Judge Rebecca R. Pallmeyer

Magistrate Judge Daniel G. Martin

## DECLARATION OF BRIAN K. MURPHY

I, Brian K. Murphy, declare under penalty of perjury as follows:

1. On July 29, 2014, Plaintiff James Bull filed a putative class action complaint against US Coachways, Inc. ("US Coachways") in the United States District Court for the Northern District of Illinois, captioned *Bull v. US Coachways, Inc.*, Case No. 1:14-cv-05789 (N.D. Ill.) (the "Class Action"), alleging, among other things, that US Coachways and/or others acting on its behalf sent unsolicited text advertising messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the regulations promulgated by the Federal Communications Commission under that statute.

2. James Bull is the named class representative ("Class Representative") in this action.

3. Illinois Union Insurance Company ("Illinois Union") issued Miscellaneous Professional Liability Policy No. G24011999 007 (the "Policy") to US Coachways for the effective period from November 9, 2013 to November 9, 2014 and subject to an aggregate limit of liability of $5 million which Plaintiff and US Coachways assert provide coverage for the claims in the Class Action.

4.      By letter dated August 11, 2014, US Coachways submitted the claims in the Class Action for coverage under the Policy.

5.      By letter dated August 18, 2014, Illinois Union denied coverage for the claims in this action.

6.      On December 14, 2014, Plaintiff filed an Amended Complaint in the Class Action, which US Coachways again submitted to Illinois Union for coverage under the Policy.

7.      By letter dated January 13, 2015, Illinois Union again denied coverage for the Class Action.

8.      On March 9, 2016, US Coachways entered into a settlement agreement with Plaintiff, individually and on behalf of the Settlement Class, which resolved all claims asserted against US Coachways in the Class Action in exchange for a consent judgment of $49,932,375 (the "Judgment"), with $50,000 of the Judgment being paid by US Coachways and the remainder collectable only against Illinois Union, pursuant to an assignment by US Coachways of all rights under the Policy to Bull and a covenant by Bull and the Settlement Class not to execute the Judgment against US Coachways.

9.      On March 17, 2016, the Court in the Class Action issued an order granting preliminary approval to the Settlement, which was amended on August 3, 2016 to extend certain deadlines.

10.     Pursuant to the Court's preliminary approval order, notice was disseminated to the proposed Settlement Class, advising that the Settlement Class would receive a pro rata share of whatever was secured from US Coachways' insurer, and that Class Counsel intended to apply for one third of the ultimate recovery as attorneys' fees and that Plaintiff would request a class representative award of $15,000.

11. On October 27, 2016, Plaintiff moved for final approval of the Class Settlement, noting that no class members had objected to any aspect of the Class Settlement, nor had any government entity that received notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(a)(2).

12. On November 9, 2016, the Court issued an order granting final approval to the Settlement (the "Final Order") (Dkt. 87), which, among other things, incorporated the terms of the agreement effecting the Settlement, certified the Settlement Class, and appointed Plaintiff as Class Representative and his attorneys as Class Counsel.

13. Pursuant to the Final Order, the Court presiding over the Class Action retained jurisdiction over the distribution of funds from any settlement involving any coverage action against Illinois Union.

14. On November 29, 2016, Illinois Union filed a declaratory judgment action in the United States District Court for the Eastern District of New York, captioned *Illinois Union Insurance Company v. US Bus Charter & Limo Inc., et al*, Case No. 1:16-cv-06602 (the "New York Action"), seeking, among other things, a judgment declaring that it has no coverage obligations under the Policy for the Class Action, or the resulting Class Settlement.

15. The Class Settlement and Final Order became fully effective on December 11, 2016, when the right to appeal the Final Order expired.

16. On December 19, 2016, Bull filed a separate coverage action against Illinois Union in the United States District Court for the Northern District of Illinois, captioned *Bull v. Illinois Union*, Civil Action No. 1:16-cv-11446 (N.D. Ill.) (the "Illinois Action").

17. On July 31, 2017, the Illinois Action was transferred to the United States District Court for the Eastern District of New York.

3

18.     On October 12, 2017, the Illinois Action, now assigned Case No. 1:17-cv-04511, was consolidated with the New York Action.

19.     The New York Action and Illinois Action are hereinafter referred to collectively as the "Coverage Action."

20.     On March 8, 2018, after letter briefing on cross summary judgment motions as to coverage, the Court presiding over the Coverage Action held that Illinois Union owed a duty to defend and indemnify US Coachways and Bull as its assignee in connection with the Class Action and the Class Settlement.

21.     Illinois Union moved for reconsideration of that order, and for leave to file an interlocutory appeal, which Plaintiff opposed.

22.     With briefing completed on the reconsideration motion, the parties agreed to pursue a mediation with Jed Melnick of JAMS in New York City, which, following subsequent negotiations with the assistance of the mediator, resulted in a settlement of the Coverage Action which provides for payment of $3,250,000 to resolve the disputed coverage action.

23.     On March 22, 2019, this Court approved Class Counsel's motion for distribution of the amount secured by settlement of the Coverage Action.

24.     The Court appointed KCC, which is now known as Verita Global, as the Class Administrator.

25.     The Class Administrator distributed payments from the Settlement Fund, including issuing multiple rounds of checks to class members.

26.     The Class Administrator has informed Class Counsel that approximately $259,595.10 remains in the Settlement Fund as a result of uncashed checks.

4

27.     The Class Administrator has advised Class Counsel that it is no longer receiving check reissue requests from class members and believes it is an appropriate time for administrative closure of the Settlement Fund.

28.     The Settlement Agreement provides that the NCLC be distributed a *cy pres* award of any funds remaining after a second distribution to class members.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on this 18th day of May, 2026 in Columbus, Ohio.

**/s/ Brian K. Murphy**
Brian K. Murphy